# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| **PACKET TREAD LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**SANGOMA US, INC.,**<br><br>　　　　Defendant. | No. 5:16-cv-<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

　　Plaintiff Packet Tread LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

　　1.　　Plaintiff Packet Tread LLC is a Texas limited liability company with a principal office at 1400 Preston Rd, Suite 485, Plano, Texas 75093.

　　2.　　Defendant Sangoma US, Inc., is a Delaware corporation with a principal office at 2414 Industrial Drive, Unit D, Neenah, Wisconsin 54956.  Defendant's registered agent for service of process is National Corporate Research, Ltd., 850 New Burton Road, Suite 201, Dover, Delaware 19904.

## JURISDICTION AND VENUE

　　3.　　This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

　　4.　　Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

　　5.　　Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENT-IN-SUIT

7. On October 30, 2001, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,310,864 ("the 864 patent"), titled "Voice Echo Cancellation for SVD Modems." Attached at Exhibit A is a true and correct copy of the 864 patent.

8. The 864 patent is presumed valid under 35 U.S.C. § 282(a).

9. Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 864 patent, including the right to assert all causes of action arising under the patent and the right to sue for all past and future remedies for infringement of the patent.

## THE ACCUSED PRODUCTS

10. Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 864 patent.

11. Defendant's Accused Products is its NetBorder VoIP Gateways models 8 E1/T1 VoIP Gateway and 16 or 32 E1/T1 VoIP Gateway.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,310,864

12. Plaintiff incorporates by reference each of its foregoing allegations.

13. Plaintiff conducted a pre-filing investigation, comparing the Accused Product to one or more claims of the 864 patent.

14. Based on Plaintiff's pre-filing investigation, without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 864 patent in this District and/or throughout the United States, literally or under the doctrine of

equivalents, through its testing and use of the Accused Products before releasing them for sale to the public.

15.     Defendant directly infringes at least Claim 7 of the 864 patent by, among other things, testing and using within this District and/or the United States its Accused Products, which under Claim 7 of the 864 patent provide a method of electrical communication via a first simultaneous voice and data modem (*e.g., a first Accused Product, which may be either the 8 E1/T1 VoIP Gateway or 16 or 32 E1/T1 VoIP Gateway model*) associated with a switching hub of a communications network (*e.g., a LAN or WAN network*), comprising the steps of:

>transmitting (*e.g., from the first Accused Product*) and receiving (*e.g., at a second Accused Product, which may be either the 8 E1/T1 VoIP Gateway or 16 or 32 E1/T1 VoIP Gateway model, when the first and second Accused Products communicate with each other*) a modulated simultaneous voice and data signal using the first simultaneous voice and data modem (*e.g., in the first Accused Product*) to and from a second simultaneous voice and data modem (*e.g., in the second Accused Product*) located at an endpoint of the communications network;

>transmitting (*e.g., from the first Accused Product*) and receiving (*e.g., at the second Accused Product when the first and second Accused Products communicate with each other*) a voice signal using the first simultaneous voice and data modem (*e.g., in the first Accused Product*) to and from a communications device (*e.g., the second Accused Product*) via a switching network (*e.g., the LAN or WAN network*);

>transmitting (*e.g., from the first Accused Product*) and receiving (*e.g., at the second Accused Product when the first and second Accused Products communicate with each other*) a data signal using the first simultaneous voice and data modem (*e.g., in the first Accused Product*); and

>canceling a voice echo originating in the switching network using an echo canceler associated with the first simultaneous voice and data modem (*e.g., in the Accused Product*), the voice echo experiencing a delay resulting from the modulation and

demodulation of the simultaneous voice and data signal in the first simultaneous voice and data modem (*e.g., in the first Accused Product*) and the second simultaneous voice and data modem (*e.g., in the second Accused Product when the first and second Accused Products communicate with each other*).

16. Claim 7 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

17. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant directly infringes at least Claim 7 of the 864 patent through its testing and use of the Accused Products upon a plain reading of this Complaint, the 864 patent, and at least Claim 7.

18. Since at least the date that Defendant was served with a copy of Plaintiff's Original Complaint for Patent Infringement, Defendant has known that it is directly infringing one or more claims of the 864 patent through its testing and use of the Accused Products.

19. Plaintiff reserves the right to modify its direct infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.

20. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 864 patent under 35 U.S.C. §§ 271(a) and (b);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial.

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

-5-

D.      Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.      Such further relief at law or in equity that this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 17, 2017        Respectfully submitted,

_____
Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Packet Tread LLC*